**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ACCOUNTING PRINCIPALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-636-TCK-PJC |
| ) | |
| MANPOWER, INC., and ) | |
| INTERNATIONAL BUSINESS MACHINES ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint ("Motion for Leave to Amend") (Doc. 39). Plaintiff Accounting Principals, Inc. ("API") moves the Court to amend its Complaint to add a claim for unjust enrichment against Defendant International Business Machines, Inc. ("IBM") and Defendant Manpower, Inc. ("Manpower") and a claim for negligence against IBM. Manpower filed an objection to the Motion for Leave to Amend, arguing that (1) API's proposed amendments are untimely, and (2) API's proposed claim for unjust enrichment against Manpower is futile. IBM also filed an objection, arguing that (1) API's proposed amendments are untimely, and (2) API's proposed claim for negligence against IBM is futile.[1]

Because the Motion for Leave to Amend was filed after API was served with responsive pleadings, the motion is governed by the standard in Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a court should "freely give leave when justice so requires." Courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility

---

[1] For a recitation of background facts and claims alleged in the original Complaint, see Opinion and Order dated 5/23/08 at 1-3.

of amendment." *Duncan v. Manager, Dep't of Safety, City, and County of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (quotation omitted).

**I.     Untimeliness**

The case was filed in state court on November 1, 2007 and removed to this Court on November 6, 2007. On November 15, 2007, API filed a motion to disqualify counsel for Manpower. On February 4, 2008, the parties filed a Joint Status Report, wherein the parties requested a 120-day discovery period to begin after the Court's ruling on the motion to disqualify. Based on the Joint Status Report and the potential disqualification of Manpower's counsel, the Court refrained from entering a schedule at that time. On May 23, 2008, the Court granted the motion to disqualify and ordered Manpower to obtain new counsel. A revised Joint Status Report was received on June 25, 2008, and the currently pending Motion for Leave to Amend was filed on June 26, 2008. On July 2, 2008, the Court entered a scheduling order that set a deadline of July 30, 2008 for motions to join or amend.

The Motion for Leave to Amend is timely. It was filed well before the deadline set forth in the July 2, 2008 scheduling order. Although the case was pending for a considerable time prior to the entry of this scheduling order, this was due to the Court's resolution of a meritorious motion to disqualify, which was necessary due to Manpower's choice of counsel. The delay certainly was not caused by any dilatory conduct by API. In addition, Defendants cannot show prejudice resulting from the delay. The parties agreed that the discovery period should not begin until the Court's resolution of the motion to disqualify. Under the current scheduling order, the parties have until January 30, 2009 to complete discovery, and Defendants have ample time to conduct discovery on the proposed claims.

**II.    Futility**

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *E.SPIRE Commc'ns, Inc. v. N.M. Public Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994) (citations omitted). "Any ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint." *Id.* In this case, Defendants contend that the proposed amendments are futile because, accepting the proposed allegations as true, they fail to state a claim for relief and would be subject to immediate dismissal.

A.    <u>Unjust Enrichment - Manpower</u>

Under Oklahoma law, "[u]njust enrichment is a condition which results from the failure of a party to make restitution in circumstances where it is inequitable; i.e. the party has money in its hands that, in equity and good conscience, it should not be allowed to retain." *Harvest v. Goodyear Tire and Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006) (citing *French Energy, Inc. v. Alexander*, 818 P.2d 1234 (Okla. 1991)). In order to recover for unjust enrichment, a party must show (1) enrichment to another, and (2) a resulting injustice. *County Line Inv. Co. v. Tinney*, 933 F.2d 1508, 1518 (10th Cir. 1991) (citing *Teel v. Public Serv. Co.*, 767 P.2d 391, 398 (Okla. 1985)). Manpower contends that API's proposed claim fails as a matter of law on the second element – a resulting

3

"injustice" – because Manpower's alleged actions amount to nothing more than competitive business practices.

API's allegations are sufficient to state a claim of "injustice" giving rise to an unjust enrichment claim. API alleges that Manpower conspired with IBM to "raid the assets and employees" of API. (Proposed First Am. Compl. ¶ 56.) API alleges that Manpower did so by positioning its employees outside the IBM building, holding "Informational Sessions," and informing API employees that they would lose their IBM jobs if they did not become Manpower employees. (*See id.* at ¶¶ 20-21.) According to API, Manpower made "misrepresentations" to API employees and placed them under considerable "duress." (*See id.* ¶ 21, 25.) The allegations are sufficient to state a claim for "injustice" because they include misrepresentations, intimidation, and other tactics that, according to API, violate industry standards and amount to more than merely competitive business practices. Manpower's one cited decision, which is an unpublished decision out of the Northern District of Illinois, is unpersuasive because the court's decision on the unjust enrichment claim turned on its finding that the plaintiff had "not raised genuine issues of fact on its claims for tortious interference with prospective economic advantage or with contract" at the summary judgment stage. *Flexicorps, Inc. v. Trend Tech., Inc.*, No. 01-C-1754, 2002 WL 31018353, at * 11 (N.D. Ill. Sept. 10, 2002). This Court has made no such findings and has not considered an evidentiary record.

B.     Negligence - IBM[2]

The parties dispute what state's law governs API's proposed negligence claim. IBM asserts that New York law governs, while API asserts that Oklahoma law governs. However, this question is not currently briefed because IBM argued that the proposed amendment is futile under either Oklahoma or New York law. As explained below, the Court finds that API's allegations are sufficient to state a claim under Oklahoma law and therefore finds that amendment is not futile.[3]

API's proposed negligence claim against IBM provides that IBM "owed API a duty to conduct its business in a manner consistent with industry standards" and that IBM breached this duty by "assisting Manpower in the unlawful and unethical recruitment of its employees and for the purpose of retaliation against API for its refusal to conduct illegal and unethical accounting practices by IBM in 2005." (Proposed First Am. Compl. ¶¶ 52-53.) IBM argues that these allegations fail to state a claim under Oklahoma law because they constitute an impermissible attempt to impose duties upon IBM that are different from the duties set forth in the contracts. *See Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197, 1201 (10th Cir. 1988) (stating that "no tort duty can be imposed on a party where that party's same duties and rights are specifically defined by contract"); *Pitco Prod. Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 547 n.25 (Okla. 2003) (explaining that "evidence of custom and usage may not be used . . . to impose a duty or obligation upon a party to

---

[2] IBM's futility argument is limited to the negligence claim and does not address the unjust enrichment claim asserted against it.

[3] The Court elects not to reach the choice of law question at this time because (1) the issue is not fully briefed, and (2) resolution of the question is not necessary to resolution of IBM's futility argument. The Court also does not reach the question of whether API's allegations state a negligence claim under New York law.

a contract not incorporated therein, where such duty or obligation is expressly or impliedly excluded by the terms of the contract").

The Court rejects IBM's characterization of API's negligence claim as limited to a breach of any specific provision of the contract between API and IBM. API's allegations of negligence go beyond breach of any specific provision of the contract, such as that governing notice that must be given prior to cancellation. API alleges that IBM engaged in other breaches of "industry standards" that are not set forth in the contract. Specifically, IBM alleges that IBM acted unethically and with retaliatory motives. Duties to refrain from engaging in such behavior are not expressly set forth in the contract and could potentially constitute "independent" duties that are separate and apart from the "specific duties in the parties' contract." *See Hess Oil*, 861 F.2d at 1201.

For the reasons set forth above, Plaintiff's Motion for Leave to File First Amended Complaint ("Motion for Leave to Amend") (Doc. 39) is GRANTED.

**ORDERED THIS 15th DAY OF OCTOBER, 2008.**

_____
**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**